UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIMBERLY D. HENDRIX, **Plaintiff** | |
| V. | No._____ |
| WALL-MART STORES, INC., THE ASSOCIATES' HEALTH AND WELFARE PLAN, and THE PRUDENTIAL INSURANCE CO. OF AMERICA, **Defendants** | |

## ORIGINAL COMPLAINT

Plaintiff, Kimberley D. Hendrix, individually and as community survivor[1] of Randy A. Hendrix, Deceased, complains, in equity, of Wal-Mart Stores, Inc., the Associates Health and Welfare Plan, ("the Plan") and The Prudential Insurance Company of America ("Prudential").

I.

This action is based upon the Employee Retirement Income Security Act of 1974 (ERISA), 88 Stat. 829, 29 U.S.C. #1001 *et seq.* The Act established a trust under 29 U.S.C. #1103, created fiduciary duties, *Ibid.*, #1104, and established liability for breach of those duties, *Ibid.* ##1105 and 1109. It conferred jurisdiction on this court, *Ibid.* ## *1132, 1451,* and preempted state laws. In this case the court must scrutinize subsequent agreements creating insurance in the light of trust law principles established by the 1974 statute and give effect to the congressional mandates.

---

[1] Texas Probate Code, ##155, 160.

II.

Plaintiff, a resident of Harris County, Texas, is the widow of Randy A. Hendrix, who served as an employee and manager for Wal-Mart Stores, Inc. for more than eighteen years until July 11, 2012 when his employment ended. The following month, on August 27, 2012, he was found dead, of a heart attack. He was fifty-four. He died intestate. As an employee he had been an associate of The Associates Health and Welfare Plan Number 501 (the Plan). Wal-Mart Stores, Inc. is Sponsor of the Plan; Prudential is Administrator. (Service of process on the Sponsor will also constitute service of process on the Plan 29 U.S.C. #1132 (d)) Mr. Hendrix and his wife, plaintiff, were the beneficiaries of two group life policies created by Group G-43939. By her attorney's letter to Prudential dated March 19, 2015 plaintiff as community survivor converted his group policies into individual policies. Prudential refused to acknowledge this conversion, and has refused to pay plaintiff any amounts under the policies. Plaintiff has pursued two administrative appeals with Prudential, the second of which was denied on June 8, 2015.

III.

Prudential contends that it notified Mr. Hendrix by letter dated July 23, 2012 that he had only thirty-one days to make the conversion and that he had failed to do so. Prudential admits that it did not send the letter to him either by registered or certified mail, which would have yielded her husband's signature acknowledging receipt. Plaintiff did not find a copy of such a letter in her husband's effects. Prudential furnished plaintiff's attorney a copy of the letter, which was unsigned, only a few days ago, on June 22, 2015. We do not know if or when the unsigned letter

was mailed, since Prudential's letter to plaintiff's counsel dated April 24, 2015 was not received until May 4, 2015, and its letter dated June 8, 2015 was not received until June 16, 2015. In denying plaintiff's second appeal Prudential assumed that Mr. Hendrix received the letter promptly. This court should not do so. Considering the importance of such a notice, and the ease with which notification could have been established by her husband's signature on a receipt for either registered or certified mail, the court should hold that the alleged thirty-one day deadline notice was invalid.

IV.

An additional provision in the insurance contract specifies that "in no event may you convert the insurance to an individual contract if you do not apply for the contract and pay the first premium prior to the ninety-second day after you cease to be insured for the Associate Term Life Insurance." Prudential contends that provision "is only applicable where a conversion notice has not been sent in a timely manner," which it contends was done with its thirty-one day deadline notice on July 23, 2012. As noted above, the deadline notice was invalid.

V.

If Mr. Hendrix had ninety-two days after his employment ended on July 11, 2012, in which to make the conversion (until October 11, 2012), he died on or about August 27, 2012, during the alleged conversion period. As trustees defendants should have notified his wife, as community survivor, that she had the right to make the conversion, but failed to do so. This was inequitable. This court should hold that her attorney's letter of March 19, 2015 was effective to make the conversion, if the court believes such conversion was required.

VI.

Defendants were required by law to furnish information to plaintiff concerning all aspects of her husband's employment. Plaintiff made numerous requests for information concerning her husband's employment which have simply been ignored by defendants. Copies of these requests are attached as Exhibits A, B, and C. Prudential concedes that the information has never been supplied.[2] A regulation, 29 CFR 2560.503.1(2012) (h)(2)(iii) mandated "that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to claimant's claim for benefits." The court should hold the purported forfeiture of plaintiff's individual policy invalid because defendants refused to let plaintiff see her husband's employment file, thereby violating this regulation and their fiduciary duties. The court should order defendants to furnish plaintiff the documents she requested.

VII.

Insurance was one of the benefits of plaintiff's husband's employment. In addition he had contract rights to a bonus, unpaid salary, and unused sick time, all owed to him by defendant Wal-Mart Stores, Inc. at the time of his death. The court should assert pendent jurisdiction over all of these causes of action, which are in effect one case, and enter judgment for plaintiff as community survivor against Wal-Mart Stores, Inc. for all sums which he was entitled to receive, plus interest and reasonable attorneys fees.

---

[2] In Prudential's letter dated June 8, 2015 denying plaintiff's second administrative appeal it conceded: "In her letter dated December 2, 2013, Mrs. Hendrix requested information pertaining to Mr. Hendrix's life insurance policies. Unfortunately there is no record of that information being sent to Mrs. Hendrix."

<u>Prayer</u>

Plaintiff prays for judgment against Defendants for all amounts she is entitled to receive, interest at 10% compounded annually, reasonable attorneys fees, and such other relief in equity as she is justly entitled to receive. Plaintiff prays that defendants be ordered to show cause why equitable relief should not be granted forthwith as prayed for herein. Plaintiff prays that Judgment be entered on her pendent claims for all sums she is entitled to receive at law and in equity.

/s/ Brantly Harris
Brantly Harris
So. Dist. Tex. 2999
50 Briar Hollow Lane, Suite 305E
Houston, Texas 77027
Facsimile (713) 222-1545
brantly@net1.net.

STATE OF TEXAS

COUNTY OF HARRIS

Before me, the undersigned authority, this day personally appeared Kimberly D. Hendrix, who by me duly sworn deposed and said that she has read the foregoing complaint and that the facts stated therein are within her knowledge, true and correct.

Kimberly D. Hendrix

Sworn to and subscribed before me this 6th day of July, 2015.

Notary Public of Texas

LAURA B. SANDOVAL
Notary Public, State of Texas
My Commission Expires
December 06, 2016

5