| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS | |

United States District Court
Southern District of Texas
**ENTERED**
August 25, 2016
David J. Bradley, Clerk

Kimberly D. Hendrix, §
§
Plaintiff, §
§
versus § Civil Action H-15-1920
§
Wal-Mart Stores, Inc., et al., §
§
Defendants. §

# Opinion on Dismissal

1. *Introduction.*

    A widow sues an insurance company, an employee plan, and her husband's former employer for denying her claim on his company's group life insurance policy. She does not describe a transaction that the law protects.

2. *Background.*

    Kimberly D. Hendrix sued (a) Wal-Mart Stores, Inc., (b) Associates Health and Welfare Plan, and (c) The Prudential Insurance Company of America because they denied her claim for benefits under her late husband's employer-sponsored life insurance.

    Randy Hendrix worked for Wal-Mart until July 11, 2012, when he retired. On August 27, he died of a heart attack. His life was insured by a group policy that was sponsored by Wal-Mart, part of Associates, and administered by Prudential. Hendrix filed a claim under that policy; Prudential denied it. Hendrix says it was wrong to deny the claim.

3. *According to Hendrix.*

    Hendrix says that Prudential denied the claim because her husband was not covered on the date of his death. On July 23, 2012, Prudential sent Randy Hendrix a letter, notifying him that he had 31-days to convert his group policy into an individual one or he would lose coverage.

Hendrix says Prudential cannot prove it sent the letter because (a) it did not send it in a manner that required a signature upon receipt and (b) she cannot find the letter. Neither of her standards is supported by the law. Prudential has records of having sent it, including a copy; it is not obliged to have records of her husband's receipt. Apparently she has no record of the letter, but her ignorance cannot be extrapolated into knowledge of a fact – that it was not sent.

4. *Parties.*

Hendrix sues three parties but only describes facts about one of them – Prudential. She says that it administered the policy and denied her claim. She describes no facts about Wal-Mart or the Associates. Wal-Mart and the Associates could only be liable if they exercised control over the determination of coverage. Hendrix does not state a claim against Wal-Mart or Associates for denial of coverage.

Hendrix also refers to rights to a bonus, unpaid salary, and unused sick time, but does not support this claim without supporting data. Even assuming she could substantiate those claims, she sued over two years after her husband left Wal-Mart. Claims for unsettled benefits are barred by limitations. Abstractions do not make valid claims.

Associates is responsible for the whole plan and could be liable if it had wrongfully denied coverage. It did not, and the law allows it to delegate the claims function.

5. *Denial of Benefits.*

In her pleadings, Hendrix concedes that she does not know whether she has a claim against Prudential. Despite having seen the letter notifying her husband of his option to convert the policy, she supposes that it may not have sent it or he many not have received it. Hendrix cannot sue Prudential on speculative ruminations.

She also says that Prudential did not give her sufficient information to pursue her appeal. Prudential denied coverage because it notified Hendrix's husband and he did not convert the policy. Prudential gave notice. It was not required to give her information "concerning all aspects of her husband's employment." It had to give her data about the notice – the basis for her appeal.

Hendrix does not describe a claim: She wants the money. If she cannot articulate facts that tether that relief to the hard cold facts of the administration of the policy and claims, she will lose against Prudential.

Signed on August 25, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge